UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:
Steve T. Gorbet aka Steven Thomas Gorbet

Debtor,

American Honda Finance Corporation,

Movant,

vs.

Steve T. Gorbet aka Steven Thomas Gorbet
and
David E. Lewis, Trustee
Respondents.

Bankruptcy Case No.
08-21940 abc

Chapter 7

## MOTION FOR RELIEF FROM STAY

COMES NOW American Honda Finance Corporation, Movant, by and through counsel, Grossman and Grossman, and Alan M. Grossman, and shows unto the Court as follows:

1. Movant is the holder of a Retail Installment Contract, and Security Agreement, copy attached as Exhibit A, on the following vehicle of which the Debtor claims ownership: 2005 Honda Motorcycle, Vin. #1HFSC46685A300007.

2. Said contract calls for payments of $196.24 per month. Debtor is due for July 16, 2008 through September 16, 2008 for a total amount of $803.72. The balance owing on the contract is $9,341.85 and the Retail Value of the vehicle is $8,000.00.

3. The Movant lacks adequate protection of its interest in the vehicle; the secured position of Movant is impaired because of depreciation resulting from continued use and decline in condition of said vehicle.

4. Upon information and belief, the Debtor lacks equity in the motor vehicle and Movant is entitled to relief under 11 U.S.C. 362(d)(2).

5. Based on the debtor's default and lack of equity, Movant maintains the motor vehicle is not necessary to an effective reorganization.

6. Movant believes there has been, and continues to be, a decline in value of the motor vehicle. Continuation of the stay in this case has the effect of depriving Movant of the security for its claim for which the Movant should be entitled to relief for cause under 11 U.S.C. 362(d)(2), and in Re Johnson, 63 B.R. 550 (D. Colo. 1986).

7. Movant requests the Debtor make the motor vehicle available and the ten day provisions of F.R.Bankr.P. 4001(a)(3) not apply in the event of no response.

WHEREFORE, Movant prays for relief from Automatic Stay entered herein, and for leave to proceed as to the subject vehicle. Movant requests that there shall be no Stay of the Order sought in accordance with Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

September 17, 2008

GROSSMAN AND GROSSMAN
/s/ Alan M. Grossman
Alan M. Grossman, No. 4188
Attorneys for Movant
363 S. Harlan St., Suite 280
Lakewood, CO 80226
(303) 934-1202

Exhibit A

Financial Services

**RETAIL INSTALLMENT CONTRACT**
**CONSUMER CREDIT DOCUMENT**
**COLORADO**

Contract Date: February 14, 2007 Account No. 9143238

| BUYER (called "YOU" or "YOUR" in this Contract) | SELLER-CREDITOR (called "WE" or "US" in this Contract) |
|---|---|
| Name (Primary Buyer) STEVEN THOMAS BORBET | Dealer # 105542 |
| Name (Buyer) | Name RPM MOTORSPORTS |
| Address 2050 HARMONY PARK DR. | Address 1251 WADSWORTH BLVD. |
| City WESTMINSTER State CO Zip Code 80234 | City LAKEWOOD State CO Zip Code 80214 |

THE VEHICLE/GOODS ARE:

| MODEL YEAR (Vehicle Only) | MAKE | MODEL | IDENTIFICATION NO. (Complete Serial or Motor No.) | TYPE OF PRODUCT | KEY CODE |
|---|---|---|---|---|---|
| 05 | HONDA | VTX18CF33 | 1HFSC46685A300007 | Motorcycle | |
| ATTACHMENTS | | | | | |

MOTORCYCLE EQUIPMENT INCLUDED

☐ FAIRING ☐ SADDLE BAG ☐ RADIO ☐ RACK ☐ OTHER

FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. | Total Sale Price. The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 8.90 % | $ 3,211.95 | $ 10,917.33 | $ 14,129.28 | $ 14,129.28 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 72 | $ 196.24 | MONTHLY, BEGINNING March 16, 07 |

LATE CHARGE: If a payment is more than 10 days late, you will be charged a late fee of $15.00.
PREPAYMENT: If you pay off early, you may be charged a minimum finance charge.
SECURITY: You are giving a Security Interest in the Vehicle/Goods being purchased.
NOTE: See the reverse side of this document for additional information about nonpayment, default, checks returned for insufficient funds, any repayment in full before the scheduled date and prepayment refunds.

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE. AND SAID BUYER ALSO STATES THAT HE OR SHE HAS/HAS NOT (STRIKE WORDS NOT APPLICABLE) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2) COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.

FOR THE PURCHASE OF A MOTOR VEHICLE, PHYSICAL DAMAGE INSURANCE ON THE VEHICLE IS REQUIRED TO OBTAIN CREDIT. BUYER MAY OBTAIN SUCH INSURANCE FROM ANYONE CHOSEN BY BUYER ACCEPTABLE TO SELLER.

**CREDIT INSURANCE AUTHORIZATION AND APPLICATION**

You voluntarily request the credit insurance checked below, if any, and understand that such insurance is not required to obtain credit. You acknowledge disclosure of the cost of such insurance and authorize it to be included in the balance payable under this Contract. Only the persons whose names are signed below are insured.

CREDIT LIFE N/A Max. Premium $ N/A

JOINT LIFE N/A Max. Premium $ N/A

CREDIT DISABILITY N/A Max. Premium $ N/A

TOTAL CREDIT INSURANCE PREMIUMS $ N/A

☐ Buyer wants Credit Disability Insurance.

Date ______ Primary Buyer (Signature)

Date ______ Buyer (Signature)

☐ Buyer wants Credit Life Insurance.

Date ______ Primary Buyer (Signature)

Date ______ Buyer (Signature)

TOTAL INSURANCE PREMIUMS ARE DESCRIBED IN ITEM 4.

**ITEMIZATION OF AMOUNT FINANCED**

1. CASH PRICE
   - A. Vehicle/Goods (including accessories, delivery, and installation charges) ... $ 9,760.93 (1A)
   - B. Documentation Preparation Charge ... $ 118.00 (1B)
   - C. Sales Tax ... $ 708.90 (1C)
   - D. Total Cash Sales Price (1A plus 1B plus 1C) ... $ 10,587.83 (1D)
2. DOWNPAYMENT
   - A. Manufacturer's Rebate (if any) ... $ N/A (2A)
   - B. Cash Downpayment ... $ 0.00 (2B)
   - C. Total Cash Portion Of Downpayment (2A plus 2B) ... $ 0.00 (2C)
   - Trade-in Description/Allowance
   - Description: Yr ______ Make ______
   - Model ______ VIN ______
   - D. Trade-in Allowance ... $ 0.00 (2D)
   - E. Amount Owed on Trade-in
   - Owed to: ______ $ 0.00 (2E)
   - F. Net Trade-in (2D minus 2E) (Disclose as zero if negative) ... $ 0.00 (2F)
   - G. Amount to Finance (If 2D minus 2E is negative, see 4I below. Amount not included in 2F) ... $ N/A (2G)
   - H. Total Downpayment (2C plus 2F) ... $ 0.00 (2H)
3. TOTAL UNPAID CASH BALANCE (1D minus 2H) ... $ 10,587.83 (3)
4. AMOUNTS PAID TO OTHERS ON YOUR BEHALF
   - Insurance/Service Agreement
   - A. Credit Life Premium** ... $ 0.00 (4A)
   - B. Credit Disability Premium** ... $ 0.00 (4B)
   - C. Extended Service Contract** ... $ 0.00 (4C)
   - D. Other** ______ $ N/A (4D)
   - Official Fees
   - E. Registration Fees ... $ 0.00 (4E)
   - F. Title/Lien Fees ... $ 29.50 (4F)
   - G. Other Official Fees ... $ N/A (4G)
   - H. Other Official Fees ... $ N/A (4H)
   - Other Charges
   - I. Outstanding Balance on Trade-in Paid to: (see 2G above) ______ $ N/A (4I)
   - J. To** PREPAID MAINTENANCE ... $ 0.00 (4J)
   - K. To** ______ for GAP ... $ 300.00 (4K)
   - L. Total Amounts Paid On Your Behalf (4A through 4K) ... $ 329.50 (4L)
5. AMOUNT FINANCED (3 plus 4L) ... $ 10,917.33 (5)

**Seller may be retaining a portion of these amounts.

AGREEMENT: The undersigned Seller agrees to sell and the undersigned Buyer, jointly and severally if more than one, agrees to purchase the Vehicle/Goods described above and all equipment included, subject to the terms of this Contract.

PROMISE TO PAY: Buyer promises to pay to Seller, at the above address, or other address that may be specified, the Amount Financed shown above, plus finance charges at the Annual Percentage Rate shown above computed on the unpaid balance outstanding from time to time, plus any applicable delinquency, dishonored payment and other charges provided in this Contract or otherwise provided by law. Monthly payments are due in the amount and at the times shown above; the final payment will be adjusted to reflect additional or lesser amounts due on the final payment date. The actual amount of the final payment will depend upon whether Buyer makes payments on time. Early payments will have the effect of reducing the final payment, while late payments will cause it to be higher.

ASSIGNMENT: Buyer agrees that this Contract may be assigned by the Seller. Buyer agrees that if this Contract is assigned by the Seller, the Assignee shall have all rights of the Seller under this Contract.

THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE SELLER. THE SELLER MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT TO RECEIVE A PART OF THE FINANCE CHARGE.

NOTICE TO THE BUYER OR CO-SIGNER

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN.

THERE ARE OTHER TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF WHICH ARE INCORPORATED HEREIN AND BINDING UPON YOU. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME, WITHOUT PENALTY.

BUYER: By your signature, you acknowledge that you have read and understand both sides of this Contract, which was completely filled in prior to your execution hereof, and have received a fully executed copy thereof. You also acknowledge receipt of the Vehicle/Goods described above in good condition.

Buyer's Signature [signature] Date 02-14-07

Buyer's Signature ______ Date ______

CO-SIGNER: By my signature, I acknowledge that I have read and understand both sides of this Contract. I agree to pay the debt in this Contract although I may not personally receive any property and I understand that you might demand payment from me before you demand payment from any other person or before you repossess the Vehicle/Goods. I understand that you may sue me for payment although the Buyer hereunder is able to pay.

Co-Signer's Signature ______ Date ______

Name ______ (Please Print)

Address ______

City/State ______ Zip Code ______

Title ______

SELLER (CREDITOR): Dealer's Signature [signature] Date 02-14-07

(For MC, ATV, Scooter and PE)

AMERICAN HONDA FINANCE CORPORATION ORIGINAL

ADDITIONAL TERMS

**Prepayment**
Buyer has the right to pay this Contract in full at any time without penalty. Buyer understands that Seller may retain a minimum finance charge of $[illegible].00.

**Security Interest**
Buyer gives to Seller a Security Interest in the Vehicle/Goods and any accessories, which Security Interest secures the payment and performance of all obligations of Buyer under this Contract.

**Late Charge/Returned Payment Charge**
If a payment is more than 10 days late, you will be charged a late fee of $15.00.

Buyer will pay an administrative charge of $25.00 for any payment tendered that is dishonored for any reason by a depository institution.

**Insurance**
Buyer agrees to keep the Vehicle/Goods in good condition and, with respect to a motor vehicle, fully insured against loss, theft or damage with Seller named as loss payee.

If you fail to maintain adequate insurance, we may (but are not required to) purchase such insurance to protect our interest in the Vehicle/Goods. You will pay the cost of such insurance on demand, with finance charges at the rate stated in this Contract, and that amount shall become part of the debt secured by this Contract.

Buyer further agrees to have Seller named as loss payee on any insurance financed by Seller. Buyer agrees to remit to Seller within 10 days of receipt for application against the indebtedness under this Contract any premiums refunded or rebated to Buyer and any proceeds of insurance financed by Seller that are paid to Buyer.

**Buyer's Agreements**
Buyer agrees to pay all amounts owing under this Contract even if the Vehicle/Goods are damaged, destroyed or missing. Buyer agrees to keep the Vehicle/Goods in good condition and will not make any alterations to the Vehicle/Goods without Seller's written consent. Buyer agrees not to take the Vehicle/Goods from the state where Buyer lives for more than 30 days without Seller's written consent, and will notify Seller immediately of any change in Buyer's address. Buyer will not sell, rent, lease or otherwise transfer any interest in the Vehicle/Goods, and will not assign Buyer's rights or obligations under this Contract. Buyer will not expose the Vehicle/Goods to misuse, seizure, or confiscation, or other involuntary transfer, even if the Vehicle/Goods were not the subject of judicial or administrative action. If Seller pays any repair bills, storage bills, taxes, fines, tickets or other charges on the Vehicle/Goods, Buyer agrees to repay the amount to Seller immediately upon demand.

**Buyer's Representations**
Buyer promises that Buyer has given true and correct information in the application for credit, and has no knowledge that would make that information untrue in any degree. Seller has relied on the truth and accuracy of that information in entering into this Contract. Buyer promises that Buyer has given a true payoff amount on any Vehicle/Goods traded in. If that payoff is more than the amount shown in the itemization of Amount Financed on the front of this Contract, Buyer will pay Seller the excess amount upon demand.

**Default**
Buyer will be in default if:
(1) Buyer fails to make any payment when due; or
(2) Buyer gave false or misleading information on Buyer's application relating to this Contract; or
(3) The Vehicle/Goods are seized by any local, state, or federal authority and is not promptly and unconditionally returned to Buyer; or
(4) A bankruptcy petition is filed by or against Buyer or any guarantor; or
(5) Buyer or any guarantor dies or becomes incompetent; or
(6) Buyer fails to keep any other agreement in this Contract.

If Buyer is in default, Seller will have all the rights and remedies of a secured party under the Uniform Commercial Code, and any other applicable laws. Among other things, after such notice and right to cure as may be required by law, Seller may require Buyer to pay at once all amounts due under this Contract. Seller may also repossess the Vehicle/Goods. Buyer, at Seller's request, will assemble the collateral and make it available to Seller.

**Repossession**
Buyer hereby irrevocably consents to any act, not prohibited by law, by the Seller or its Agents in entering upon any premises for the purpose of either (1) inspecting the Vehicle/Goods or (2) taking possession of the Vehicle/Goods after an event of default, and after such notice to Buyer as may be required by law.

Buyer agrees that in the event the Seller takes possession of the Vehicle/Goods in accordance with this agreement, Seller may store personal property found in the Vehicle/Goods at Buyer's expense. If Buyer does not claim the property within 10 days of repossession Seller may, if permitted by applicable law, dispose of the property in any manner Seller deems appropriate without liability to Buyer.

**Sale of Repossessed Vehicle/Goods**
If we repossess the Vehicle/Goods, we can sell it and apply the money received to what you owe. The sale will be governed by the Uniform Commercial Code and other applicable laws. You agree that after a repossession or voluntary surrender, if the cash price of the Vehicle/Goods is more than $3,000.00, you will be liable for any deficiency incurred as a result of the sale or other disposition of the Vehicle/Goods and we have the right to a deficiency judgment.

**Legal Fees and Other Expenses**
You will owe us for reasonable legal fees, not exceeding 15% of the unpaid balance, and expenses incurred to collect the amounts you owe upon default, either through repossession or other collection efforts. Such fees and expenses may be added to the balance owing on this Contract, together with interest at the rate applicable hereunder, from the date incurred.

In any event, Buyer will be liable in damages if Buyer has released, abused, or wrongfully damaged the collateral or if, after default and demand in writing, Buyer wrongfully fails to make the collateral available to Seller.

**Seller's Rights**
If you fail to make any payments to others as required herein or fail to perform any of your obligations hereunder we may make such payment or take such action as may be necessary on your behalf to insure or preserve the collateral, and add the cost to your account which will bear finance charges at the applicable rate hereunder from the date incurred.

We may delay enforcing any of our rights under this Contract without losing them. We may apply any amount we receive from you first to our accrued charges. We may assign any of our rights under this Contract without your consent.

**General Provisions**
(1) *Power of Attorney.* Buyer appoints Seller as Buyer's attorney-in-fact to execute any notices, financing or other statements in Buyer's name and to perform all other acts which are deemed appropriate to perfect or to continue perfection of the security interest.
(2) *Definitions.* In this Contract, the term "Buyer" includes each of the "Buyers" as well as all of them. The term "Seller" means the creditor identified on the front of this Contract, and the Assignee or any other holder of this Contract if Seller assigns this Contract.
(3) *Insurance Provisions.* Buyer authorizes Seller to collect any refund of insurance premiums and apply it against the Buyer's indebtedness under this Contract. Further, Buyer agrees that, if the Vehicle/Goods are lost or damaged, the Seller may use any insurance settlement to reduce what Buyer owes or to repair the Vehicle/Goods. If the Vehicle/Goods are repossessed, Buyer agrees that the Seller may claim benefits under any optional insurance or service contracts financed under this Contract, and may terminate any such contracts to obtain refunds for unearned charges.
(4) *Severability.* If any provision of this Contract should be invalid, illegal or unenforceable in any respect, the validity, legality and enforcement of the remaining provisions shall not in any way be affected or impaired.
(5) *Integration.* All of the agreements between the Buyer and Seller are set forth in this Contract and no modification of this Contract shall be valid unless it is made in writing and signed by the Buyer and Seller.
(6) *Applicable Law.* Questions about this Contract will be settled by Colorado law except as modified by federal law and regulations.

[illegible] If this contract [illegible] a [illegible] holder of this consumer credit contract [illegible] seller and assignees of this contract which [illegible] subject to all claims and defenses which the debtor could assert against the original creditor resulting from the debtor's purchase of [illegible].

**Notice**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Seller's Assignment**
Seller hereby sells, assigns and transfers to the Assignee named below, its entire right, title and interest in this Contract, any security therefor, and any guaranties, subject to the endorsement below and subject to any written agreement that is in effect between the Seller and Assignee.

Seller represents and warrants as follows:

1. This Contract is and will remain genuine, legally valid and enforceable.
2. The subject Vehicle/Goods have been delivered to the Buyer who has purchased them for his own use and benefit unless otherwise stated.
3. All of the facts set out in this Contract concerning total sale price, downpayment and trade-in are true.
4. We have complied in good faith with all disclosure requirements and provisions of state and federal laws applicable to this Contract.
5. This written Contract is the entire agreement between Seller and Buyer.

All warranties are made to induce the Assignee to purchase this Contract. If there is a breach of any of the warranties or if Buyer asserts any defenses under this Contract, Seller will, on demand, repurchase this Contract for the balance then remaining unpaid plus all losses and expenses paid or incurred by Assignee in connection with this Contract. Seller waives all demands and notices of default and consents that, without notice to Seller, Assignee may extend time to or compromise or release, by operation of law or otherwise, any right against the Buyer or any other obligor.

Assigned to American Honda Finance Corporation ("AHFC"), located at 1220 Old Alpharetta Road, Suite 350, Alpharetta, Georgia 30005 unless otherwise specified below.

**Seller's Endorsement**
The above assignment by Seller is made upon the endorsement and agreement indicated below:

☐ (INITIAL) With Full Recourse and Unconditional Guarantee.
Seller guarantees payment of the unpaid balance on the said Contract as and when the same shall become due.

☐ (INITIAL) Full Repurchase.
If AHFC repossesses the Vehicle/Goods, Seller will, upon AHFC's demand, pay AHFC the then unpaid balance provided the Vehicle/Goods are offered to us within ninety (90) days after maturity of the earliest installment still wholly in default.

[initialed] (INITIAL) Without Recourse.

☐ (INITIAL) Limited Repurchase.
If Buyer fails to pay ________ installments, undersigned will repurchase the Vehicle/Goods upon repossession and will pay therefor the unpaid portion of the Total Balance.

☐ (INITIAL) Partial Guarantee.
Undersigned, upon default of this Contract, will pay AHFC on demand $________

Date of Assignment: 2/16/07
Seller's Name: RM Motorsports
Title: Finance
Seller's Signature: [signature]
(Partner, Officer, or other Authorized Individual)

**Guarantee**
The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing on the Contract. The undersigned waive notice of acceptance of this guarantee, of any extensions in time of payment, of sale of any Vehicle/Goods and of all other notices to which the undersigned would be otherwise entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against Buyer.

Guarantor ________________________

Guarantor ________________________

DO NOT ACCEPT WITHOUT VERIFYING EAGLE WATERMARK IN PAPER

DR 2001 (09/21/06)

STATE OF COLORADO

# CERTIFICATE OF TITLE

*****MOTOR VEHICLE*****

TITLE NUMBER
12T193814

ODOMETER
1119 A

ODOMETER LEGEND:
A – Actual Mileage
E – Exceeds mechanical limits
N – Not actual mileage. WARNING ODOMETER DISCREPANCY

| VIN | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|
| 1HFSC46685A300007 | 2005 | HON | VTX | MC 180 |

MAIL TO

AMERICAN HONDA FIN CORP
PO BOX 997503
SACRAMENTO CA 95899

CWT/CAP/SIZE
CWT 0

PREVIOUS TITLE
MSO

FUEL
Other

DATE PURCHASED
02/14/2007

DATE ACCEPTED
03/06/2007

DATE ISSUED
03/16/2007

OWNER
STEVEN THOMAS GORBET

FIRST LIENHOLDER
AMERICAN HONDA FIN CORP
P O BOX 997503 #109
SACRAMENTO CA 95899

FILE NUMBER
070002736

DATE RCD
03/01/2007

AMOUNT OF LIEN
10917.33

LIEN EXTENDED TO
COUNTY
ADAMS

MATURITY DATE
03/01/2015

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.

Lienholder's Name

Authorized Agent's Signature Date

SECOND LIENHOLDER

FILE NUMBER

DATE RCD

AMOUNT OF LIEN

LIEN EXTENDED TO COUNTY

MATURITY DATE

Signature below certifies under penalty of perjury in the second degree the release of the second lienholder's interest in the vehicle.

Lienholder's Name

Authorized Agent's Signature Date

THIRD LIENHOLDER

FILE NUMBER

DATE RCD

AMOUNT OF LIEN

LIEN EXTENDED TO COUNTY

MATURITY DATE

Signature below certifies under penalty of perjury in the second degree the release of the third lienholder's interest in the vehicle.

Lienholder's Name

Authorized Agent's Signature Date

FOURTH LIENHOLDER

FILE NUMBER

DATE RCD

AMOUNT OF LIEN

LIEN EXTENDED TO COUNTY

MATURITY DATE

Signature below certifies under penalty of perjury in the second degree the release of the fourth lienholder's interest in the vehicle.

Lienholder's Name

Authorized Agent's Signature Date

THE APPLICANT HAS BEEN DULY REGISTERED IN THIS OFFICE AS THE OWNER OF THE MOTOR VEHICLE DESCRIBED, SUBJECT TO LIENS AND ENCUMBRANCES IN THE ORDER SHOWN.

EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF REVENUE

DATE DUPLICATE ISSUED

Roxy Huber

H2294984

DR 2001 (2/06)

VOID IF ALTERED

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:<br>Steve T. Gorbet aka Steven Thomas Gorbet<br><br>Debtor,<br><br>American Honda Finance Corporation,<br><br>Movant,<br>vs.<br><br>Steve T. Gorbet aka Steven Thomas Gorbet<br>and<br>David E. Lewis, Trustee<br>Respondents. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Bankruptcy Case No.<br>08-21940 abc<br><br>Chapter 7 |

NOTICE OF HEARING OR PRELIMINARY HEARING

YOU ARE HEREBY NOTIFIED that a Motion for Relief from Stay, a copy of which is herewith served on you, has been filed with the Court. A hearing on the motion has been set for October 16, 2008 at 9:00 o'clock A.M. in Courtroom C located at in the U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, CO, 80202-2508. The hearing will be conducted in accordance with the provisions of Local Bankruptcy Rule 401.

If you desire to oppose this Motion, you are required to file with this Court and serve upon Alan M. Grossman, Attorney, whose address is 363 S. Harlan St., Suite 280, Lakewood, CO 80226, a written response to the motion on or before (5) court days prior to the date of the hearing.

If you fail to file a response, an order granting the relief requested will be granted without further notice to you.

September 17, 2008

GROSSMAN AND GROSSMAN

/s/ Alan M. Grossman
Alan M. Grossman, No. 4188
Attorneys for Movant
363 S. Harlan St., Suite 280
Lakewood, CO 80226
(303) 934-1202

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>Steve T. Gorbet aka Steven Thomas Gorbet<br><br>Debtor,<br><br>American Honda Finance Corporation,<br><br>Movant,<br>vs.<br><br>Steve T. Gorbet aka Steven Thomas Gorbet<br>and<br>David E. Lewis, Trustee<br>Respondents. | Bankruptcy Case No.<br>08-21940 abc<br><br>Chapter 7 |

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2008, the undersigned placed in the United States Mail, postage prepaid, a true and correct copy of the Notice of Hearing or Preliminary Hearing, Motion for Relief from Stay addressed to the following:

Steve T. Gorbet
2060 Harmony Park Drive
Westminster, CO 80234

David E. Lewis, Trustee
1314 Main St., #102
Louisville, CO 80027

Jane M. Roberson, Esq.
9035 Wadsworth Pkwy, #1650
Westminster, CO 80021

Diane Roberts

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:
Steve T. Gorbet aka Steven Thomas Gorbet

Debtor,

American Honda Finance Corporation,

Movant,

vs.

Steve T. Gorbet aka Steven Thomas Gorbet
and
David E. Lewis, Trustee
Respondents.

Bankruptcy Case No.
08-21940 abc

Chapter 7

AFFIDAVIT OF NON-MILITARY SERVICE

Alan M. Grossman, of Grossman & Grossman PC, as Authorized Agent and Representative of American Honda Finance Corporation, being of lawful age, being duly sworn on oath, deposes and states:

1. The Affiant or a member of his staff at his request, has reviewed the Department of Defense Manpower Data Center (DMDC) website regarding information as to any potential active duty status of the debtor(s).

2. The DMDC is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

3. Upon review of the records of the DMDC, there is no record of the debtor(s) as being eligible for a status commensurate with the status of active military duty which would invoke the Service Members Civil Relief Act.

4. A review of the initiating documents in this case does not reveal any statement regarding the military status of the debtor(s) as is now required by the Court.

5. The foregoing statements are the basis of all information and knowledge available to and possessed by me.

GROSSMAN AND GROSSMAN

September 17, 2008

/s/ Alan M. Grossman
Alan M. Grossman, No. 4188
Attorneys for Movant
363 S. Harlan St., Suite 280
Lakewood, CO 80226
(303) 934-1202

DIANE ROBERTS
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 6/7/12

STATE OF COLORADO }
} ss.
COUNTY OF JEFFERSON }

Subscribed and sworn to before me on 9/17/08

My commission expires 6/7/12

Notary Public